

07 CV 4824

Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
Patrick C. Crilley (PC 9057)
(212) 962-1818

JUN 0 6 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DELTA MARINE CO. LTD.                              **ECF CASE**

          Plaintiff,

    -against-                                         07 Civ _____

HANGZHOU JINZHAO INDUSTRY CO.                **VERIFIED COMPLAINT**
LTD., RICHFULL GROUP (HK) LIMITED,

          Defendants.
-----------------------------------------------------------x

    Plaintiff, DELTA MARINE CO. LTD. ("Delta"), by its attorneys, Richard A. Zimmerman, Esq., and Patrick C. Crilley, Esq., of counsel, complaining of the Defendants, HANGZHOU JINZHAO INDUSTRY CO. LTD. ("Hangzhou") and RICHFULL GROUP (HK) LIMITED ("Richfull"), alleges upon information and belief as follows:

    1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2. At all material times, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of The Republic of South Korea.

3. Plaintiff was, at all material times, the disponent owner of the motor vessel "HARUTEC" (the "Vessel").

4. At all material times, Defendant Hangzhou was, and still is, a foreign corporation or other business entity organized and existing under the laws of The Peoples Republic of China, maintaining offices at 11 FL. No. 28 North Caoxi Road, Shanghai, China.

5. At all material times, Defendant Richfull was, and still is, a foreign corporation or other business entity organized and existing under the laws of unknown foreign jurisdiction, maintaining offices at Room 904 Huaxin Mansion No 227 Xinkai Road Hedong District, Tianjin, China.

6. On or about April 24, 2007, Plaintiff Delta, as disponent owner, entered into a contract of charter party with Defendant Richfull, as charterer, for the charter of the Vessel, for carriage of a cargo of steel from Dangong and Jintang China to Cigading, Indonesia ("Charter Party").

7. Under the terms of the Charter Party, Defendant Richfull loaded a cargo of 4,998.26 metric tonnes of concast steel slabs and 19,969.292 metric tonnes of prime steel billets for discharge at the nominated port of Cigading, Indonesia.

8. Under the terms of the Charter Party, Defendant Richfull was obligated, among other things, to pay charter hire to Plaintiff Delta in the amount $19,500 per day prorate, for each day the vessel remained on hire during the voyage.

9. Defendant Richfull has breached the contract in failing to make the required payment of charter hire.

10. On or about May 21, 2007 Plaintiff entered into a Discharge Agreement with Defendant Hangzhou, who were the Chinese shippers of the above mentioned cargo, wherein Hangzhou assumed, as an additional party and not in substitution, all the rights

and obligations of the charterer, Richfull, under the Charter Party, including the obligation to pay charter hire.

11. Defendant Hangzhou has breached its obligations under the Discharge Agreement and the Charter Party in failing to make the required payments to Plaintiff Delta.

12. Plaintiff has fulfilled its obligations under the Charter Party and the Discharge Agreement.

13. There remains owing to Plaintiff Delta the sum of $156,839.72 from the Defendants, which Defendants have failed to pay when duly demanded.

14. As a result of the Defendant's breach, Plaintiff has and will continue to suffer losses in the total principal sum of not less than U.S.$156,839.72, exclusive of interest, costs and reasonable attorneys' fees.

15. The Charter Party contains an agreement to arbitrate disputes in Hong Kong under English law.

16. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration has commenced, or will soon commence, in Hong Kong, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in the Hong Kong arbitration.

17. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such interest, costs and attorneys' fees would equate to approximately $250,000 considering the international complexity of the proceedings and the number of parties involved.

18. As a result of Defendants aforesaid breach of its obligations under the Charter Party, Plaintiff now estimates that it has been or will soon be damaged in the following amounts:

| | |
|---|---|
| a) Outstanding Charter Hire & Charges | $ 156,839.72 |
| c) Costs of prosecuting Plaintiff's arbitration proceedings against Defendant Richfull in Hong Kong | $ 100,000.00 |
| d) Cost of prosecuting Plaintiff's arbitration proceedings against Defendant Hangzhou in Hong Kong | $ 100,000.00 |
| e) Interest, costs and recoverable fees up to the point of obtaining a judgment in this action | $ 50,000.00 |
| Total anticipated damages - | $ 406,839.72 |

19. Upon information and belief, and after investigation, nether Defendant Richfull nor Hangzhou can be "found" within this District for the purpose of Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia* cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter "ASSETS"), including but not limited to ASSETS at or moving through banking institutions including but not limited to The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of

China, Danske Bank, Barclays Bank, BNP Paribas, Bangue Cantonale de Geneve, and/or Commerce Bank.

20. Based upon the foregoing, therefore, the total sum of ASSETS of Defendants sought to be attached in this action is $406,839.72.

WHEREFORE, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged.

2. That if the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendants, including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA)

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Patrick C. Crilley verifies the following:

1. I am an attorney and acting as such "of counsel" to Richard A. Zimmerman, the attorney for the Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff herein.

2. The reason that this Verification is made by the undersigned rather than by Plaintiff is that Plaintiff is a foreign corporation none of whose officers or directors are within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 6th day of June, 2007.

Patrick C. Crilley
233 Broadway - Suite 2202
New York, New York 10279
(212) 619-1919