Robert S. Portegello
Attorney for Defendant Hangzhou
Law Office of Robert S. Portegello, P.C.
108 Main Street
Staten Island, NY 10307
SDNY Bar #: RSP8770
Telephone: (718) 984-6684

UNITED STATES DISTRICT COURT             **ECF CASE**
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x     **JUDGE LYNCH**

DELTA MARINE CO. LTD.,                    **07 Civ 4824 (GEL)**

                              Plaintiff,   **POINTS AND AUTHORITIES**
                                           **IN SUPPORT OF MOTION**
        -against-                          **OF DEFENDANT TO**
                                           **DISMISS OR TRANSFER ON**
HANGZHOU JINZHAO INDUSTRY CO. LTD.,        **GROUNDS OF FORUM NON**
RICHFULL GROUP (HK) LIMITED,               **CONVENIENS, TO DISMISS**
                                           **ON THE GROUND OF**
                              Defendants.  **IMPROPER VENUE ALL TO**
                                           **VACATE ANY ORDERS OF**
                                           **ATTACHMENT**
-----------------------------------------------------------x


        Defendant, HANGZHOU JINZHAO INDUSTRY CO. LTD. respectfully submits

the following points and authorities in support of its motion to dismiss on grounds of

improper venue, on grounds of forum non conveniens, and to recall, vacate and quash the

heretofore issued writ of attachment.


1. BRIEF FACTS


        Plaintiff, a Korean corporation which does not allege residence or doing business

in this court's district, sues two Chinese corporations who do not reside within the

Southern District of New York, nor the United States. The dispute concerns an alleged

contract signed by the respective parties in China and Korea, concerning the shipping of

certain goods from China to Indonesia. No terms of the contract involve any contact or connection with the United States in general or the State of New York in particular, nor a U.S. registered vessel.

The alleged contract provides for mandatory and exclusive jurisdiction in the High Court of London England and that English law shall be applied to the controversy.

The suit was brought under the general maritime law, alleged venue in the Southern District of New York, and is based on in rem jurisdiction as bank transfer payments of Defendant were found and attached within the Southern District. Defendant Hangzhou does not have nor maintain bank accounts within the Southern District.

2.  <u>THE CASE SHOULD BE DISMISSED BECAUSE THE UNDERLYING CONTRACT HAS A MANDATORY FORUM SELECTION CLAUSE PLACING EXCLUSIVE JURISDICTION IN THE HIGH COURT OF JUSTICE IN LONDON</u>

It is undisputed that the parties agreed on mandatory "exclusive jurisdiction" of any dispute to be in the High Court of Justice in London, and that the agreement should

be governed by English law. While "jurisdiction" is not venue, it is undeniable true that the parties chose an exclusive, mandatory location, in London, England and agreed English law should be applied.

This forum selection clause should control "absent a strong showing that it should be set aside" and not be enforced. <u>M/S Breman v. Zapata Off-Shore Co</u>, 407 U.S. 6, 15, 925. Ct.1907, 32 L.Ed.2d. 513 (1972)

The court should apply the <u>Bremen</u> standards and not the normal forum non conveniens analysis under this circumstance of the parties having by voluntary agreement selected London, England. <u>Cabridge Nutrition A.G. v. Fotheringham,</u> 840 F. Supp. 299, 300-301. <u>Blanco v. Blanco Industrial de Venezuela,</u> 997 F2d 974, 979-980 (2d Cir 199) (Dicta re mandatory selection clause versus permissive clause.)

3. <u>THE ACTION SHOULD BE DISMISSED ON GROUNDS OF IMPROPER VENUE</u>

Where a forum selection clause provides for exclusive venue in a foreign court, the case should be dismissed on a motion based on improper venue. <u>Jones v. Weibrecht</u> 901 F.2d 17, 19 (2d Cir. 1990); <u>Effron v. Sun Line Cruises, Inc,</u> 67 F. 3d 7, 10 (2d Cir.1995).

The parties agreed on English law and exclusive jurisdiction in London.  It is again submitted that this phrasing limits venue to a specific court in London and, under the authorities, the case should be dismissed as to this moving Defendant.  In analyzing a similar forum selection clause which stated that "exclusive jurisdiction" shall be in Great Britain, the fourth circuit enforced this type of agreement. <u>Allen v. Lloyds,</u> 94 F. 3d 923 (4th Cir. 1996).

4. <u>THE CASE SHOULD BE DISMISSED ON THE COMMON LAW DOCTRINE OF FORUM NON CONVENIENS</u>

This court may decline to exercise its powers where it appears that the convenience of the parties, the convenience of the court, and the interests of justice

indicate the matter should be tried in another forum.  Paraphrased from <u>Piper Aircraft Co.</u> <u>v. Reyno</u>, 454 U.S. 235, 250, 102 S.Ct 252, 70 L. Ed.2d 419 (1981).

In light of Rule 82's stipulation that the venue provisions of 28 U.S.C. §1391 and §1392 do not pertain to admiralty cases, maritime cases can be transferred under 28 U.S.C. 1404. <u>Continental Grain Co. v Borge-FBC</u>, 585 364 U.S. 19, 20-27, 80 S. Ct 1470, 4 l Ed. 2d 1540 (1960).

As stated in Moore's Federal Practice 3d Ed, §111.72, page 111-212, "A federal court in a diversity action must apply the federal law of forum non conveniens in resolving a motion to dismiss when the alternative forum is a foreign tribunal, ...."

Defendants submit that in applying the federal forum non conveniens doctrine, there is a two prong test.  First there must be an adequate forum available for resolution of the dispute, and secondly, the convenience of the parties and the ends of justice must be served.  This second element is determined by a balancing test of private and public interest factors.  <u>Piper Aircraft Co. v Reyno</u>, 454 U.S. 235, 249, 102 S. Ct 252, 70l. Ed. 2d 419 (1981); <u>Scottish Air Int'l Inc. v British Coledonian Group, PLC</u>, 81 F. 2d 1224, 1234-1235 (2d Cir. 1996).

As to the first ground, the parties in fact have already stipulated to a forum in the London High Court.  Moving party assumes and cites authority that London, England is an adequate forum because of England's long tradition as a maritime nation and its England heritage of common law wherein a fair and balanced adversary system has been in effect for hundreds of years.  This court can take judicial notice of the tradition of both English common law and maritime law.  Given this choice of the London High Court, differences in law or even a favorable substantive law in another forum is not a factor where there is an adequate remedy as there would be in an English Court. <u>Piper Aircraft</u>

v. Reyno, supra, 454 U.S. 235 Ct 254, in 222, 255; Capital Currency Exch v. National Westminster Bank, 155 F3d 603, 609 (2d Cir 1998).

As to the second factor, most courts favor a balance of factors broad approach. Murray v British Broad Corp, 81 F. 3d, 287, 292-293 (2d Cir 1996). These factors include both private and public factors. Here the parties agreed to resolve any dispute at the London High Court. The Plaintiff will incur no greater financial hardship in litigating in London, no costs of witnesses or lawsuits procurement would be increased by litigating in London, and the parties presumably chose London as a forum convenient to themselves.

All witnesses in fact, being either Chinese or Indonesian or Korean or other 3rd country nationals, are not amenable to compelled testimony in New York. As this is a contract action but one tinged with fraud in the actual document itself, as well as circumstances surrounding the making of the contract, witness live testimony and demeanor are an important private interest factor.

Dirienzo v Phiolip Servs Corp. 294F 3d 21, 30 (2d Cir2002) (en banc); Allstate Life Ins. Co. v Linter Group, Ltd, 994 F 2d 996, 1001 (2d Cir 1993), cert. denied. 510 U.S. 945 (1993); Schertenle v Traum, 559. F 2d 1156, 1165 (2d Cir 1978).

The court may weigh the financial hardship to Plaintiff in reaching its decision to dismiss in favor of an alternate forum. Murray v British Broadcasting Corp., 81 F. 3d 287, 292-293 (2d Cir 1996). Any such argument should not be considered because the Plaintiff has already stipulated to take its case to London.

As to public factors, simply stated there are no public interest factors which mitigate keeping the litigation in New York. Public interest factors such as

administrative difficulties, local interest in having localized controversies decided in their home forum, jury duty concerns and the interest in trying the case in a forum familiar with pertinent law, all mitigate in favor of dismissing the case in New York.  Murray v British Broad. Corp, supra 81 F. 3d 292-293.

It is submitted that there is no U.S. interest in foreign parties and foreign events that have no relationship whatsoever to the United States.  Scottish Air Int'l, supra,

What the Plaintiff would be requiring of this court is that the court enmesh itself into conflicts of Korean and Chinese and English law and foreign contract and conflicts laws, where the parties have already resolved the venue issue by resolving to take the matter to the High Court of London, and apply English law.  Blanco v Blanco Industrial de Venezuela, 997 F. 2d 974, 979-980 (2nd Cir. 1993).

5.  CONCLUSION

For the reasons set forth, the case should be dismissed, and the writ of attachment vacated, withdrawn and quashed.

DATED: September 25, 2007
City, State: Staten Island, New York

Respectfully submitted,

Robert S. Portegello
SDNY Bar: RSP8770
Law Office of Robert S. Portegello, P.C.
108 Main Street
Staten Island, New York  10307
Phone Number: (718) 984-6684
Fax Number: (718) 984-6688