James T. Stroud #69449
(Pro Hac Vice)
STROUD & DO
A PROFESSIONAL LAW CORPORATION
14541 Hamlin Street
Van Nuys, California 91411-1608
(818) 994-0347

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DELTA MARINE CO. LTD.                                    ECF CASE

                Plaintiff,                     JUDGE LYNCH

      -against-                                       07 Civ <u>4824 (GEL)</u>

HANGZHOU JINZHAO INDUSTRY CO.
LTD., RICHFULL GROUP (HK) LIMITED,        VERIFIED ANSWER
                                                      AND
                                                      VERIFIED
                                                      COUNTERCLAIM
              Defendants.
-----------------------------------------------------------x
HANGZHOU JINZHAO INDUSTRY CO. LTD.

                Counter-claimant,

      -against-

DELTA MARINE CO. LTD.

                Counter-defendant.
-----------------------------------------------------------x

Defendant HANGZHOU JINZHAO INDUSTRY CO, LTD. answers the verified complaint as follows:

    1. Defendant admits the allegations of paragraphs 1, 2, 3, 4, and 6.

    2. Defendant is without information or belief sufficient to enable it to answer paragraphs 5, 7, 8 and 9.

    3. Defendant denies all the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, and 18.

4. Answering paragraph 19, defendant admits it can not be "found" within the Southern District of New York for the purposes of Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, but denies the remaining allegations of said paragraph.

5. Answering paragraph 20, defendants admit this is the sum of assets that plaintiff is seeking to attach, but denies that plaintiff has any right to attach or to seek to attach such sum or any sum.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

6. Plaintiff's complaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted against defendant.

## SECOND AFFIRMATIVE DEFENSE
## FORUM NON CONVENIENS

7. Neither plaintiff nor any defendant nor the alleged incident and claim had any connection with the United States. The court should decline jurisdiction under the doctrine of forum non conveniens.

## THIRD AFFIRMATIVE DEFENSE
## JURISDICTION AND ARBITRATION CLAIM

8. The claim is subject to the jurisdictional and arbitration agreement between the parties to apply English law in London as the sole remedy. Defendant reserves such rights.

## FOURTH AFFIRMATIVE DEFENSE
## FRAUDULENT CONTRACT

9. The alleged agreement referred to in the complaint herein is not the agreement entered into between plaintiff and this defendant. The actual contract entered into between plaintiff and defendant is a different document which obligates this defendant to make only one fixed payment of far less than what the plaintiff is demanding.

## FIFTH AFFIRMATIVE DEFENSE
## FAULT OF THIRD PARTY

10. The alleged damages of plaintiff, if any, were caused by neglect and breach by a third party, Richfull Group.

## SIXTH AFFIRMATIVE DEFENSE
## WAIVER BY PLAINTIFF

11. Through its conduct and that of its agents, plaintiff has waived all rights, if any, and cannot recover on its complaint or any claim contained therein.

## SEVENTH AFFIRMATIVE DEFENSE
## NON WAIVER BY DEFENDANT

12. Defendant alleges that the serving and filing of this answer and counterclaim shall not constitute or act as a waiver of its right to invoke the arbitration and choice of law and forum that plaintiff and defendant agreed to in writing in their actual agreement, and said rights are hereby reserved. Similarly, defendant does not submit itself to the jurisdiction of this Court except to make a restricted appearance for the purpose of defending against Plaintiff's in rem and/or quasi in rem and attachment claims.

COUNTERCLAIM

Counter-claimant, HANGZHOU JINZHAO INDUSTRY CO. LTD. ("Hangzhou"), by its attorney James T. Stroud, Esq., complaining of the Counter-defendant, DELTA MARINE CO. LTD. ("Delta"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, counter-claimant was, and still is, a foreign company duly organized and operating under the laws of the People's Republic of China.

3. At all material times, counter-defendant Delta was, and still is, a foreign corporation or other business entity organized and existing under the laws of the Republic of Korea.

4. Counter-claimant is informed and believes thereon and alleges that on or about April 24, 2007, Counter-defendant Delta, as disponent owner of the motor vessel "HARUTEC," entered into a contract of charter party with one Richfull, as charterer, for the charter of the Vessel, for carriage of a cargo of steel from Dangong and Jintang China to Cigading, Indonesia ("Charter Party").

5. Counter-claimant is informed and believes that under the terms of the Charter Party, one Richfull loaded a cargo of about 4,998.26 metric tonnes of concast steel slabs and 19,969.292 metric tonnes of prime steel billets for discharge at the nominated port of Cigading, Indonesia.

6. Counter-claimant is informed and believes that under the terms of the Charter Party, Richfull was obligated, among other things, to pay charter hire to defendant Delta in the approximate amount $19,500 per day prorate, for each day the vessel remained on hire during the voyage.

7. Delta has claimed that Richfull has breached the contract in failing to make the required payment of charter hire.

8. On or about May 21, 2007 Counter-claimant entered into a partial Discharge Agreement with counter-defendant Delta because of Hangzhou's interest in the cargo.

9. Pursuant to the term of said discharge agreement, Counter-claimant was to pay to Delta the sum of $29, 975.45.

10. Thereafter, Delta fabricated a non-existing discharge agreement and is attempting to hold Hangzhou liable under such fabricated agreement. Delta has engaged counsel in New York, and filed a verified complaint in the Southern District of New York, claiming breach of an agreement that Hangzhou never entered into, and has attached funds allegedly of Counter-claimant pursuant to Federal Admiralty and Maritime Rules.

11. Under the actual agreement between Counter-claimant and Counter-defendant Delta, Counter-claimant agreed to pay to Delta only the sum of $29,975.45. As aforesaid, the alleged discharge agreement claimed by Delta is a fabrication and a forgery, never agreed to nor entered into by Counter-claimant.

12. Counter-claimant has been or is ready to perform all of its obligations under the actual discharge agreement except those prevented by Counter-defendant's acts, actions and fraud, but Cross-defendant Delta has repudiated the actual agreement, and Hangzhou is thus under no duty perform..

13. The Discharge Agreement contains an agreement to arbitrate disputes in London under English law.

14. Counter-claimant reserves its right to pursue all of the remedies to which it is entitled in such London arbitration.

15. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, counter-claimant estimates that such costs and attorneys' fees would equate to approximately $250,000 considering the international complexity of the proceedings.

16. As a result of Counter-defendant repudiation and breach of its obligations under the limited agreement, and fraud, Counter-claimant now estimates that it has been or will soon be damaged in the following amounts:

| | | |
|---|---|---|
| a. | Costs of prosecuting arbitration and defending spurious claims | $150,000 |
| b. | Interest, costs and recoverable fees up to the point of obtaining a judgment in this action. | $100,000 |
| | Total anticipated damages | $250,000 |

17. Upon information and belief, and after investigation, Counter-defendant Delta can not be "found" within this district for the purpose of Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, but Hangzhou is informed and believes that Counter-defendant has, or will shortly have, assets within this district comprising of, inter alia cash, funds, credits, wire transfers, electronic fund transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to , due or for the benefit of counter-defendant (hereinafter "ASSETS"), including but not limited to ASSETS at or moving through banking institutions including but not limited to The Bank of New York, Citibank N.A., JP Morgan Chase, UBS AG, Bank of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment bank, Deutsche bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Bangue Cantonale de Geneve, and/or Commerce Bank.

WHEREFORE, Hangzhou as defendant and Counter-claimant herein, prays:

1. That the complaint filed against defendant, be dismissed with costs.

2. That this Court, pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, direct that Counter-claimant be given security from Counter-defendant, Delta Marine Co. Ltd., in the sum of $250,000, failing which this Court dismiss the complaint of Plaintiff and vacate any security taken by way of attachment or otherwise.

3. That this Court stay the trial of this action and retain jurisdiction to enter its judgment upon the award of the arbitrators against the security herein obtained by Hangzhou, as Counter-claimant, to the extent same may be capable of satisfying said award in whole or in part.

4. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Counter-defendant, citing it to appear and answer under oath all and singular the matters alleged.

5. That if the Counter-defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civic Procedure this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, or any tangible and/or intangible assets belonging to, due, claimed by, being held for on behalf of, or being transferred for the benefit of Counter-defendant, including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within the District, including, without limitation, assets held by or at The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finalnd

PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, Bangue Cantonale de Geneve, BNP Paribas, and/or Commerce Bank up to and including the amount of $406,839.72 to secure the Counter-claimant's claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged.

6. That Counter-claimant may have judgment for its claims as aforesaid in the amount of $250,000.

7. That following any and all such attachments, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property attached.

8. That the Court grant to it such other, further and different relief as justice may require.

DATED: December 20, 2007
Van Nuys, CA

                                                  Respectfully submitted,

                                                  S/
                                                  James T. Stroud #69449
                                                  Attorney for Hangzhou
                                                  Pro Hac Vice
                                                  14541 Hamlin Street
                                                  Van Nuys, California 91411-1608
                                                  (818) 994-0347

## VERIFICATION

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES          )

James T. Stroud verifies the following:

1. I am attorney for the Defendant-Counter-claimant Hangzhou herein, admitted Pro Haec-Vice, and I make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC § 1746, and the Federal Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Answer and Verified Counter Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Defendant-Counter-claimant herein, Hangzhou.

2. The reason that this Verification is made by the undersigned rather than by Defendant-Counter-claimant is that same Defendant-Counter-claimant is a foreign corporation none of whose officers or directors are within the District nor the United States.

3. I am authorized to make this Verification on behalf of Defendant-Counter-claimant.

I declare under penalty of perjury that the foregoing is true and correct.

Van Nuys, California

Executed on the 20th day of December, 2007.

s/ [signature]
James T. Stroud #69449
14541 Hamlin Street
Van Nuys, California 91411-1608
(818) 994-0347

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____     _____
Signature of Document Signer No. 1                        Signature of Document Signer No. 2 (if any)

State of California
County of Los Angeles  } ss.

Subscribed and sworn to (or affirmed) before me on this

21 day of December, 2007, by

(1) James T. Stroud,
Name of Signer

☒ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
   to be the person who appeared before me (.) (,)
   (and

(2) _____,
Name of Signer

☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
   to be the person who appeared before me.)

_____
Signature of Notary Public

[Notary Seal: SUSAN A. CRUZ, Commission # 1745043, Notary Public - California, Los Angeles County, My Comm. Expires May 14, 2011]

Place Notary Seal Above

———— **OPTIONAL** ————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Verified answer and verified counterclaim

Document Date: 12/20/07   Number of Pages: 9

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827