Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
Patrick C. Crilley (PC 9057)
(212) 962 -1818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| DELTA MARINE CO. LTD. | **ECF CASE** |
| Plaintiff, | |
| | 07 Civ. 4824 (GEL) |
| -against- | |
| HANGZHOU JINZHAO INDUSTRY CO. LTD., RICHFULL GROUP (HK) LIMITED, | **VERIFIED REPLY TO DEFENDANT HANGZHOU'S COUNTERCLAIM** |
| Defendants. | |

-------------------------------------------------------x

Plaintiff /Counter-Defendant, DELTA MARINE CO. LTD. ("Delta"), by its attorneys, Richard A. Zimmerman, Esq., and Patrick C. Crilley, Esq., of counsel, replies to the Counterclaim of Defendant/Counter-Claimant HANGZHOU JINZHAO INDUSTRY CO. LTD. ("Hangzhou"), upon information and belief, as follows:

1. Admits the allegations in Paragraph 1 of the Counterclaim.

2. Admits the allegations in Paragraph 2 of the Counterclaim.

3. Admits the allegations in Paragraph 3 of the Counterclaim.

4. Admits the allegations in Paragraph 4 of the Counterclaim.

5. Admits the allegations in Paragraph 5 of the Counterclaim.

6. Admits the allegations in Paragraph 6 of the Counterclaim.

7. Admits the allegations in Paragraph 7 of the Counterclaim.

8. Admits that on or about May 21, 2007, Defendant/Counter-Claimant Hangzhou entered into a Discharge Agreement with Plaintiff/Counter-Defendant Delta but denies the characterization of such Discharge Agreement as being "partial" as contained in Paragraph 8 of the Counterclaim, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Counterclaim.

9. Admits the allegations of Paragraph 9 of the Counterclaim, but in so admitting, denies that Paragraph 9 states the only or exclusive obligations of Defendant/Counter-Claimant under the May 21, 2007 Discharge Agreement. Plaintiff/Counter-Defendant Delta respectfully refers the Court to the Discharge Agreement for the full terms and conditions as stated therein.

10. Admits that Plaintiff/Counter-Defendant Delta has engaged counsel in New York and filed a verified complaint in the Southern District of New York, claiming breach of an agreement, and has attached funds allegedly of Defendant/Counter-Claimant Hangzhou pursuant to Federal Admiralty and Maritime Rules, but except as so admitted denies the remaining allegations in Paragraph 10 of the Counterclaim.

11. Denies the allegations in Paragraph 11 of the Counterclaim.

12. Denies the allegations in Paragraph 12 of the Counterclaim.

13. Denies the allegations contained in Paragraph 13 of the Counterclaim. Plaintiff/Counter-Defendant Delta respectfully refers the Court to the Discharge Agreement for the full terms and conditions as stated therein.

14. Denies Defendant/Counter-Claimant Hangzhou is entitled to any rights in a London Arbitration and otherwise denies the balance of the allegations in Paragraph 14 of the Counterclaim.

15. Admits that interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law, but otherwise as so admitted, denies the remaining allegations in the Paragraph 15 of the Counterclaim.

16. Denies the allegations contained in Paragraph 16 of the Counterclaim.

17. Denies the allegations of Paragraph 17 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST

18. The Counterclaim fails to state a cause of action upon which relief may be granted.

### SECOND

19. The Counterclaim fails to state an admiralty claim belonging to Defendant/Counter-Claimant Hangzhou against Plaintiff/Counter-Defendant Delta, sufficient to meet the requirements for an attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules").

### THIRD

20. The Counterclaim must be stayed or dismissed under 9 U.S.C. § 1, *et seq.* and 9 U.S.C. § 201, *et seq.*, in favor of Hong Kong arbitration as agreed to in the underlying Charter Party Contract, which agreement was incorporated into the May 21, 2007 Discharge Agreement.

## FOURTH

21.     The Counterclaim should be stayed pending a trial of the issues between Defendant/Counter-Claimant Hangzhou and Plaintiff/Counter-Defendant Delta in the High Court Of Justice in London England, under English law, while this Court retains jurisdiction to recognize, enter and/or enforce any judgment issued by the London Court.

## FIFTH

22.     The Counterclaim fails to state a valid counterclaim under Rule E (7) of the Supplemental Rules and Defendant/Counter-Claimant Hangzhou is thus not entitled to security or counter-security.

## SIXTH

23.     The Counterclaim fails to state a claim in fraud with the particularity required of Rule 9 (b) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff/Counter-Defendant Delta respectfully prays that:

a) the Counterclaim be dismissed in its entirety;

b) the Counterclaim be stayed and or dismissed in favor of Hong Kong arbitration;

c) the Counterclaim be stayed in favor of a trial in the High Court of Justice in London, England, with this Court retaining jurisdiction to recognize, enter, and/or enforce any judgment issued by the London Court;

d) Plaintiff/Counter-Defendant Delta be awarded its costs, expenses and reasonable attorneys' fees in defending against the Counterclaim;

e) the Court provide Plaintiff/Counter-Defendant Delta such other and further relief as may be fair, reasonable and equitable in the premises.

Dated: New York, New York
       February 7, 2008

*[signature]*

Patrick C. Crilley (PC 9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
(212) 619-1919

VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Patrick C. Crilley verifies the following:

1. I am an attorney and acting as such "of counsel" to Richard A. Zimmerman, the attorney for the Plaintiff/Counter-Defendant herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Reply to Counterclaim, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff/Counter-Defendant herein.

2. The reason that this Verification is made by the undersigned rather than by Plaintiff/Counter-Defendant is that Plaintiff/Counter-Defendant is a foreign corporation none of whose officers or directors are within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff/Counter-Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 7th day of February, 2008.

Patrick C. Crilley
233 Broadway - Suite 2202
New York, New York 10279
(212) 619-1919